UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOREYA FLUKER,

    Plaintiff,

v.

CITY OF DETROIT,
DETROIT POLICE DEPARTMENT,
OFFICERS L. CUNNINGHAM,
BATOUM, ASKEW, and MORROW,

    Defendants.
_____/

Case No. 24-cv-12762
Honorable Linda. V. Parker

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, SUMMARILY DISMISSING CLAIM(S) AGAINST THE DETROIT POLICE DEPARTMENT, AND REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT IF PROCEEDING AGAINST DEFENDANT CITY OF DETROIT**

On October 17, 2024, Plaintiff filed this pro se action against Defendants and an application to proceed in forma pauperis. The lawsuit arises from the stop and seizure of Plaintiff and her companion by City of Detroit Police Officers on October 27, 2023. This Court is granting Plaintiff's application to proceed in forma pauperis but, for the reasons set forth below, is dismissing the action against the Detroit Police Department and requiring Plaintiff to file an amended complaint if she wishes to proceed with her claim(s) against the City of Detroit.

Because Plaintiff is proceeding in forma pauperis, her Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e). The statute requires a court to dismiss a case filed IFP at any time if the complaint: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B).

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. A complaint must contain sufficient factual matter, that when accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). Although, generally, a less stringent standard is applied when construing the allegations pleaded in a pro se complaint, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Plaintiff's Complaint is subject to dismissal with respect to the City of Detroit and Detroit Police Department.

Claims asserting the violations of one's rights under the United States Constitution generally must be raised under 42 U.S.C. § 1983. *Thomas v. Shipka*,

2

818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989) (explaining that § 1983 is the exclusive remedy for the alleged violations of a plaintiff's constitutional rights). To state a claim under § 1983, a plaintiff must allege the deprivation of a right, privilege, or immunity secured by the federal Constitution or laws of the United States by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). The plaintiff also must allege each defendant's personal involvement to state a claim under § 1983 against that defendant. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978).

      The Detroit Police Department is not an entity subject to suit under § 1983. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (police department is an improper defendant in a § 1983); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (sheriff's department may not be sued under § 1983); *Edward v. Jail*, No. 2:16-cv-11596, 2016 WL 2937146, at *2 (E.D. Mich. May 20, 2016) (citing cases and ruling that county jails, sheriff departments, and other governmental agencies are not legal entities amenable to suit under § 1983); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (city police department is an agency of the city and not a proper defendant in a § 1983 action). Plaintiff's claims against the Detroit Police Department must, therefore, be dismissed.

As currently pled, Plaintiff fails to allege facts demonstrating the City of Detroit's liability for the acts of its officers. Liability cannot be premised on any alleged misconduct by the City's police officers. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability). Instead, Plaintiff must allege facts showing that any claimed injury resulted from the City's or its police department's policies or regulations, or that some improper conduct arose from the City's or the department's deliberate failure to adequately investigate, train, or supervise its employees. *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006). Plaintiff alleges no facts to make such a showing.

Accordingly,

**IT IS ORDERED** that Plaintiff's application for leave to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim(s) against the Detroit Police Department are **SUA SPONTE DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and this party is terminated from this action.

**IT IS FURTHER ORDERED** that, if Plaintiff wishes to pursue her claim(s) against the City of Detroit, she shall file an amended complaint, consistent

with this Opinion and Order, **within twenty-one (21) days**.[1] The failure to do so will result in the summary dismissal of Plaintiff's claim(s) against the City of Detroit, as well. If Plaintiff fails to file an amended complaint or any amendment fails to allege sufficient facts to state a claim against the City of Detroit, the Court may summarily dismiss Plaintiff's claim(s) against this defendant without further notice.

                                                            s/ Linda V. Parker
                                                            LINDA V. PARKER
                                                            U.S. DISTRICT JUDGE

Dated: October 23, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 23, 2024, by electronic and/or U.S. First Class mail.

                                                            s/Aaron Flanigan
                                                            Case Manager

---

[1] There is a clinic at the courthouse available to assist pro se parties. Information about the clinic is available at http://www.mied.uscourts.gov. Representatives at the clinic may be able to assist Plaintiff in responding to this Opinion and Order.