UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOREYA FLUKER,

       Plaintiff,

                                          Case No. 24-cv-12762
v.                                 Honorable Linda V. Parker

CITY OF DETROIT,

       Defendant.

_____/

**OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S APRIL 7, 2026 REPORT AND RECOMMENDATION, (2) ADOPTING REPORT AND RECOMMENDATION, AND (3) GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 26)**

Plaintiff initiated this pro se civil rights lawsuit on October 17, 2024, naming the City of Detroit, the Detroit Police Department, and several City of Detroit police officers as Defendants. (ECF No. 1.) On October 23, 2024, this Court dismissed the Detroit Police Department and ordered Plaintiff to file an amended complaint alleging facts to render her claim against the City of Detroit plausible. (ECF No. 5.) Plaintiff filed an Amended Complaint on November 8, 2024, which offered details concerning her allegations against the City of Detroit and no longer named the individual officers as Defendants. (ECF No. 6.) Although this Court interpreted the filing as a supplemental pleading not intending to dismiss the individual officers as Defendants, Plaintiff

1

subsequently made clear that she was no longer pursuing her claims against the individual officers here.  (ECF No. 18.)

The matter has been referred to Magistrate Judge Kimberly G. Altman for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 11.) Magistrate Judge Altman entered a scheduling order on April 1, 2025, which set *inter alia* deadlines for discovery and dispositive motions of August 1, 2025 and September 2, 2025, respectively.  (ECF No. 24.)  On September 2, 2025, the City of Detroit (hereafter "City") filed a "Motion for Judgment on the Pleadings and for Summary Judgment."  (ECF No. 26.)

On April 7, 2026, after the motion was fully briefed, Magistrate Judge Altman issued a Report and Recommendation ("R&R"), recommending that the City's motion for judgment on the pleadings be granted.  (ECF No. 33.) Magistrate Judge Altman therefore recommends that the City's request for summary judgment be denied as moot.  (*Id.*)  At the conclusion of the R&R, Magistrate Judge Altman informs the parties that they must file any objections within fourteen days.  Plaintiff filed objections on April 17, 2026.  (ECF No. 34.)

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."

2

28 U.S.C. § 636(b)(1).  The court, however, "is not required to articulate all of the reasons it rejects a party's objections."  *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the court from its duty to independently review those issues.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

As this Court explained in its October 23, 2024 decision, and as Magistrate Judge Altman explains in the R&R, a plaintiff seeking to hold a municipality liable for the constitutional violations inflicted by its employees must allege facts to show that a policy or custom of the municipality was the moving force behind the alleged violations.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability).  It is not enough to allege facts plausibly establishing a constitutional violation by the municipality's employee.  *Id.*  This means that Plaintiff must allege facts showing that any claimed constitutional violation by the City's officers resulted from the City's policies or regulations, or that some improper conduct arose from its deliberate failure to adequately investigate, train, or supervise its employees.  *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006).  Conclusory allegations are insufficient to support the City's liability.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff's filings, including her objections to the R&R, contain only conclusory allegations regarding the City's asserted policies and/or customs.  She continues to assert that the City fails to train and supervise its officers and is deliberately indifferent to their constitutional violations; however, these are mere conclusory assertions.  No facts are set forth to support these assertions.  Plaintiff's inclusion of facts to show that the officers acted improperly does not show a lack of proper training or supervision as opposed to the officers' failure to act in accordance with their training or supervision.  She offers no facts to show a pattern of similar constitutional violations ignored by the City to establish its deliberate indifference to those violations.  In her objections, Plaintiff repeatedly references facts supporting the officers' violations of her rights; however, she has made clear that she is not suing those officers here.

In her objections, Plaintiff also seeks leave to amend.  However, she has not filed a motion to amend.  More significantly, she does not explain what facts such an amendment would include to render her claim against the City plausible.

For these reasons, the Court rejects Plaintiff's objections to Magistrate Judge Altman's R&R and adopts Magistrate Judge Altman's recommendations.

Accordingly,

**IT IS ORDERED** that the City of Detroit's motion for judgment on the pleadings

is granted and its request for summary judgment is denied as moot.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 29, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 29, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

5